**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAHILL WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO. 3:26-CV-00137 |
| v. | (MEHALCHICK, J.) |
| BO LOUGHNEY, | |
| Defendant. | |

**ORDER**

Plaintiff Kahill Williams ("Williams") initiated this *pro se* action on January 21, 2026, by filing a complaint alleging that Defendant Bo Loughney ("Loughney"), the Lackawanna County Deputy District Attorney, wrongly prosecuted him for failing to register as a sex offender and that he is being wrongfully detained. (Doc. 1). On February 18, 2026, Williams filed a motion to proceed *in forma pauperis*. (Doc. 4). On April 13, 2026, Magistrate Judge Susan E. Schwab granted Williams's motion to proceed *in forma pauperis* and screened the complaint in accordance with 28 U.S.C. § 1915A. (Doc. 8). Judge Schwab concluded that the complaint should be dismissed for failure to state a claim and lack of jurisdiction, but granted Williams leave to file an amended complaint within twenty days. (Doc. 8, at 20). Judge Schwab warned Williams that if he did not file an amended complaint, she would recommend dismissal. (Doc. 8, at 20).

Williams did not file a timely amended complaint and on June 22, 2026, Judge Schwab issued a report and recommendation recommending that the Court dismiss this action and close this case. (Doc. 10). Judge Schwab concluded that any federal claims Williams asserts against Loughney in his personal capacity are barred by prosecutorial

immunity and Williams does not allege any facts which, even when liberally construed, state a claim against Loughney in his official capacity. (Doc. 10, at 8-12). Judge Schwab further noted that the only basis by which the Court could retain jurisdiction over any liberally construed state law claims is through supplemental jurisdiction, and Williams provides no justification for the Court to exercise supplemental jurisdiction over state law claims absent federal claims. (Doc. 10, at 16-17). Judge Schwab recommended that the Court deny leave to amend because she had already granted Williams the opportunity to file an amended complaint and he did not do so. (Doc. 10, at 17-18). Judge Schwab advised Williams that he had fourteen days to file an objection. (Doc. 10, at 18-19). Williams did not file a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 10).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v.*

*Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 10). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Schwab's report and recommendation (Doc. 10) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **DISMISSES** the complaint (Doc. 1) without prejudice and **DENIES** leave to amend. The Clerk of Court is directed to close this matter.

**BY THE COURT:**

**Dated: July 29, 2026**

*/s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

3